# HURWITZ STAMPUR & ROTH
### ATTORNEYS AT LAW

MICHAEL HURWITZ
WILLIAM J. STAMPUR
JAMES ROTH

299 BROADWAY, SUITE 800
NEW YORK, N.Y. 10007

(212) 619-4240
FAX (212) 619-6743

July 17, 2008

**VIA ECF**
Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                Re:   **United States v. Noah Menzies**
                           **07 CR 1007-02 (SHS)**

Dear Judge Stein:

      Please accept this letter as an aid in the sentencing of Noah Menzies who is presently scheduled to appear before Your Honor on July 24, 2008. I have reviewed the Presentence Report ("PSR") with Mr. Menzies and respectfully submit the following comments thereto.

      For the reasons set forth below the defense respectfully urges the Court to impose a non-incarceratory sentence upon Mr. Menzies recognizing Mr. Menzies' plea to a misdemeanor and other factors under Section 3553, Title 18 United States Code (U.S.C.).

      As a threshold matter Mr. Menzies has no objections to the PSR.

### CHARGE AND CONVICTION

      On April 1, 2008 Mr. Menzies pled guilty to a One Count Superseding Misdemeanor Information (S3 07 CR 1007) in that he withdrew funds from a bank account he opened in the name of a fictitious business entity.

      In October 2006, Mr. Menzies met with an individual who convinced him he could both help and assist Mr. Menzies with organizing and incorporating a business and making money at the same time.

      As a result of this meeting, Mr. Menzies took affirmative acts to both open a bank account at Commerce Bank and incorporate a business as "Menzies Construction."

HURWITZ STAMPUR & ROTH

Honorable Sidney H. Stein
July 17, 2008
Page 2 of 4

Subsequently Mr. Menzies was contacted and informed that he could withdraw money wired into his Commerce Bank account. The majority of the withdrawn money was given to those individual(s) who helped him originally set up the accounts.

Mr. Menzies received a limited amount of proceeds from the transaction.

## BACKGROUND

Mr. Menzies is twenty-five years of age.

Prior to this incident, he had never been arrested.

Mr. Menzies has lived his entire life in New York City. He attended Richmond Hill High School, Queens, New York, and thereafter took courses at Ashworth College, Atlanta, Georgia in the field of Criminal Justice.

Church, sports, work and family have dominated his life.

At the age of approximately fourteen, working part-time for a friend's father in the construction business, Mr. Menzies has consistently tried to maintain some type of employment. In the recent past, he worked in airport security at JFK and as recently as 2006 owned a FedEx franchise route.

Much of Mr. Menzies' family is involved in law enforcement. His brother Andre is a New York City police officer stationed in Queens. His mother has been an Administrative Aid for a Police Department Precinct for approximately six years, and his father has spent approximately twenty-five years as a security officer for the Port Authority at JFK airport.

## GUIDELINES

Federal Sentencing Guidelines are not binding but advisory. *See United States v. Booker*, 125 S.Ct. 738 (2005) (excising the mandatory provisions of the guidelines and corresponding Sentence Reform Act (SRA), principally 18 U.S.C. §3553(b)(1)). There is a duty to consider the guidelines, among all the other factors to be considered that are identified in 18 U.S.C. §3553(a), and then determine whether to impose a "non-guidelines sentence." *See United States v. Crosby*, 397 F.3d. 103(2nd Cir. 2005). Appellate review will be for reasonableness. *Id.*

**HURWITZ STAMPUR & ROTH**

Honorable Sidney H. Stein
July 17, 2008
Page 3 of 4

## THE STATUE 18 USC § 3553(a)

18 U.S.C. § 3553(a) provides that:
The court shall <u>impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)</u> of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed--
    a.) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b.) to afford adequate deterrence to criminal conduct;
    c.) to protect the public from further crimes of the defendant; and
    d.) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentence and the sentencing range established for--
    a.) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines...;
5. any pertinent policy statement...[issued by the Sentencing Commission];
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

    Mr. Menzies' young life has been primarily driven by his commitments to family and work.

    Since high school he has demonstrated an unusually strong work ethic. It appears that his initial involvement in this offense was motivated by a legitimate desire to better himself.

    Mr. Menzies has engaged in much soul-searching since his arrest. He initially got involved in this conspiracy as a result of persuasion by others and an extreme lack of awareness of the ramifications he now faces. He is now fully cognizant of those ramifications.

    In the context of his short life history, his actions in the instant offense can be characterized as aberrant.

HURWITZ STAMPUR & ROTH

Honorable Sidney H. Stein
July 17, 2008
Page 4 of 4

### Conclusion

The Court is respectfully urged to consider a non-incarceratory sentence recognizing Mr. Menzies' lack of any prior criminal history, family ties, and the aberrational aspect of this crime in the context of his entire life.

Sincerely,

William J. Stampur, Esq.

cc:   AUSA Michael Rosensaft
      USPO Simone Belgrave

WS:jy

BILLY/MENZIES, N/SENTENCING.LTR